# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3769
_____

Robyn G. Edwards; Mikki Adams

*Plaintiffs - Appellants*

v.

Gene Salter Properties and Salter Construction Inc., (Originally named as Gene Salter Properties); Brittany Pringle, Employee

*Defendants - Appellees*

------------------------------

United States

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 30, 2018
Filed: October 9, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robyn Edwards and Mikki Adams appeal after the District Court denied their motion for summary judgment and granted defendants' motion for summary judgment in their pro se action claiming that defendants failed to accommodate Edwards's disability in violation of the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3619. The record below showed that plaintiffs tried to rent an apartment managed by defendant Gene Salter Properties but were told that in accordance with Salter Properties' policy, their rental application would not be approved unless they provided pay stubs, an offer letter, or tax returns to verify their income; had a qualified guarantor; or paid the full lease term up front. Plaintiffs could not provide the required documentation because their only sources of income were social security disability income (SSDI), retirement benefits, and rental income. Plaintiffs offered to provide proof of these income sources, but defendants refused to accept such proof. The District Court granted summary judgment for defendants, concluding that plaintiffs were unable to show that an exception to the income-verification policy was a necessary accommodation because plaintiffs did not argue that Edwards's disability prevented her from getting a co-signer.

Regarding Salter Properties, we conclude that plaintiffs have shown that the requested accommodation was necessary and reasonable. See Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014) (standard of review); 42 U.S.C. § 3604(f)(3)(B) (stating that handicap discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling"). We conclude that allowing a co-signer or prepaying the full lease term were not substitutes for accommodating plaintiffs, who had sufficient income to rent the apartment, because those options did not level the playing field but instead posed an additional burden on the disabled applicant. Cf. US Airways, Inc. v. Barnett, 535 U.S. 391, 397 (2002) ("The [Americans with Disabilities] Act requires preferences in the form of 'reasonable accommodations' that are needed for those with disabilities to obtain the *same* workplace opportunities that those without disabilities automatically enjoy.");

see also Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City, 685 F.3d 917, 923 (10th Cir. 2012) (noting that accommodations are necessary under the FHA if they are required to create "a level playing field in housing for the disabled"); Wis. Cmty. Servs. v. City of Milwaukee, 465 F.3d 737, 749 (7th Cir. 2006) (en banc) (stating that the FHA "requires only accommodations necessary to ameliorate the effect of the plaintiff's disability so that she may compete equally with the non-disabled in the housing market"). Although defendants argue that plaintiffs did not need accommodation because they could have submitted tax returns to show adequate earnings, the record below shows that Edwards was not required to file federal tax returns in 2014 due in part to the large portion of her income that came from SSDI. See Internal Revenue Service, Tax Guide 2014 For Individuals 6 (2015), available at www.irs.gov/pub/irs-prior/p17--2014.pdf (last visited 10/03/18) (stating that a single person under the age of 65 must file a tax return if gross income was at least $10,150 and explaining that gross income does not include social security benefits, unless half of the benefits plus other gross income is more than $25,000).

We conclude that the District Court properly granted summary judgment to defendants Brittany Pringle and Salter Construction, Inc., on the alternative bases provided by the District Court, which plaintiffs do not dispute. Specifically, Pringle had only a ministerial role in carrying out Salter Properties' rental policies, and Salter Construction had no involvement in any issues before the court.

We reverse the summary judgment in favor of Salter Properties and remand to the District Court for further proceedings consistent with this opinion. We affirm the summary judgment for Pringle and Salter Construction. We deny defendants' motion to strike plaintiffs' reply brief.

_____